# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 88-6545 |
| v. | : | |
| GIZELLA POZSGAI, | : | |
| Defendant. | : | |

**November 9, 2020**                                                **Anita B. Brody, J.**

## MEMORANDUM

## I. INTRODUCTION

More than thirty years ago, the United States filed a lawsuit against Defendants John (deceased)[1] and Gizella Pozsgai under the Clean Water Act, alleging that Defendants discharged fill into protected wetlands on their jointly owned 14-acre tract of land in Bucks County, Pennsylvania ("Pozsgai site") without a permit in violation of 33 U.S.C. § 1311(a).[2] On January 8, 1990, Judge John P. Fullam determined that the Pozsgai site contained protected wetlands, permanently enjoined the Pozsgais from further filling at the Pozsgai site without a permit, and ordered restoration of the property. More than twenty-five years ago, the Third Circuit affirmed Judge Fullam's decision.

On March 8, 2007, Judge Fullam entered an Order of Civil Contempt for John and

---

[1] In 2011, John Pozsgai died. *See* Notice of Death of One of the Parties, ECF No. 182.

[2] In addition, the Government initiated parallel federal criminal proceedings against John Pozsgai. *See United States v. Pozsgai*, 999 F.2d 719, 723 (3d Cir. 1993). On December 30, 1988, a jury convicted John Pozsgai of forty counts of unpermitted discharge. *Id.* "The district judge sentenced him to three years for the pre-Sentencing Guideline counts and twenty-seven months for post-Guideline counts, to run concurrently, placed him on 5 years probation, and fined him $200,000." *Id.* The Third Circuit affirmed the conviction. *Id.*

Gizella Pozsgai's failure to comply with the January 8, 1990 Order. More than thirteen years later, Gizella Pozsgai ("Pozsgai") still has not complied with Judge Fullam's Order of Civil Contempt ("2007 Contempt Order").[3] After prolonged unsuccessful attempts at settlement, the United States now moves to implement the 2007 Contempt Order. For the below reasons, I will grant the Government's motion.

## II. BACKGROUND

On January 8, 1990, after a number of proceedings, Judge Fullam entered final judgment against John and Gizella Pozsgai based on the conclusion that the Pozsgai site contained protected wetlands and the Pozsgais were strictly liable for the discharge of fill material without a permit into protected wetlands on the site. *United States v. Pozsgai*, No. CIV. A. 88-6545, 1990 WL 1432, at *2 (E.D. Pa. Jan. 8, 1990). The Court permanently enjoined the Pozsgais from further filling at the Pozsgai site without a permit and ordered the Pozsgais to implement the restoration plan submitted by the Army Corps of Engineers ("Corps"). *Id.* at *3. On June 18, 1991, Judge Fullam denied the Pozsgai's motion for reconsideration of the January 8, 1990 Order, and concluded that: (1) the Pozsgai site is protected wetlands; (2) the Pozsgais discharged "pollutants" into "water" under the Clean Water Act; and (3) no nationwide permit was applicable to the Pozsgais' discharge. *United States v. Pozsgai*, No. CIV. A. 88-6545, 1991 WL 111175, at *1-4 (E.D. Pa. June 18, 1991). The Pozsgais appealed Judge Fullam's judgment and related orders finding them strictly liable for discharging fill into wetlands on the Pozsgai site in violation of the Clean Water Act. "On appeal, the Pozsgais d[id] not dispute they discharged fill onto wetlands without a permit. They urge[d] instead that this conduct did not violate the Clean

---

[3] On April 20, 2011, this case was transferred from Judge John P. Fullam to Judge Stewart Dalzell. Order, ECF No. 157. On December 7, 2016, this case was reassigned from Judge Stewart Dalzell to Judge Anita B. Brody. Order, ECF No. 166.

Water Act." *United States v. Pozsgai*, 999 F.2d 719, 725 (3d Cir. 1993).

On June 25, 1993, the Third Circuit affirmed Judge Fullam's judgment that the Pozsgais had violated the Clean Water Act and rejected the Pozsgai's arguments that "filling wetlands does not constitute discharge of pollutants 'into water' within the meaning of the Clean Water Act, that their wetlands fall outside the Corps' regulation and permit requirements, and that the regulation as applied to them violates the Commerce Clause." *Id.* at 725. Additionally, the Third Circuit affirmed Judge Fullam's restoration order that directed removal of the fill material from the wetlands portion of the Pozsgai site. *Id.* at 736. In affirming the restoration order, the Third Circuit explained: "We reject the Pozsgais' contention that the restoration order was inequitable because of the small degree of harm caused by their discharge and their financial inability to comply with the order. The undisputed facts demonstrating the Pozsgais' repeated noncompliance with the Act and with the Corps' directives to stop filling foreclose any such equitable argument." *Id.* On August 10, 1993, the Third Circuit denied Pozsgais' petition for panel rehearing and motion to amend the opinion. *Id.* The United States Supreme Court denied Pozsgai's petition for writ of certiorari. *Pozsgai v. United States*, 510 U.S. 1110 (1994).

The Pozsgais failed to comply with Judge Fullam's judgment and January 8, 1990 Order by continuing to discharge unauthorized fill into wetlands on the Pozsgai site. As a result, the United States moved for an order of civil contempt. After briefing, evidentiary hearings, and consideration of the Supreme Court's ruling in *Rapanos v. United States*, 547 U.S. 715 (2006) (which re-examined what constitutes "waters of the United States" under the Clean Water Act), Judge Fullam again determined that the Pozsgai site constituted wetlands. March 8, 2007 Memorandum and Order, ECF No. 147. Accordingly, Judge Fullam concluded that the Pozsgais "ha[d] violated the valid order of this Court and are therefore in contempt." *Id.* at 4. In the 2007

Contempt Order, Judge Fullam ordered:[4]

1. Defendants John Pozsgai and Gisella Pozsgai be and hereby are found to be in civil contempt for failure to comply with this Court's Order of January 8, 1990.

2. Defendants John Pozsgai and Gisella Pozsgai are permanently enjoined from conducting, permitting, or authorizing any work of any kind whatsoever directly or indirectly at any location on the Morrisville site that is within the area subject to the jurisdictional determination made by the U.S. Army Corps of Engineers and adopted by this Court and the Third Circuit and appearing on Government Exhibit 1, a copy of which is attached hereto, that involves any: (a) filling, (b) clearing, (c) leveling, (d) dumping, (e) depositing, or (f) removing of any type of material without first obtaining a permit from the U.S. Army Corps of Engineers.

3. Defendants John Pozsgai and Gisella Pozsgai shall complete remediation of the Morrisville property in accordance with the February 13, 1996 Restoration Plan of the U.S. Army Corps of Engineers, as that plan may be reasonably amended or adjusted by the Corps. Such remediation is to be completed to the satisfaction of the Corps withing 90 days of the date of entry of this Order.

4. In the event that Defendants John Pozsgai and Gisella Pozsgai fail to complete remediation of the Morrisville property as set forth in Paragraph 3 above, then, in order to compensate for Defendants' non-compliance, the following sanctions shall be imposed:

   a. Authorizing the U.S. Army Corps of Engineers to designate persons to enter upon and remediate the Morrisville property in accordance with the February 13, 1996 Restoration Plan of the U.S. Army Corps of Engineers, as that plan may be reasonably amended or adjusted by the Corps;

   b. Authorizing the U.S. Army Corps of Engineers, or anyone designated by it, to enter upon and inspect the Morrisville property at such times as the Corps may choose;

   c. Imposing a protective buffer, as designed by the U.S. Army Corps of Engineers, in uplands areas around all water and wetlands areas on the Pozsgai site to prevent further encroachments;

   d. Assessing against Defendants John Pozsgai and Gisella Pozsgai, individually, as a judgment all costs reasonably incurred in connection with the enforcement of this Order and the Order of January 8, 1990, including, but not limited to, oversight costs of the Corps;

---

[4] Although the caption of the case and the original deed list Defendant as "Gizella Pozsgai," Judge Fullam's 2007 Contempt Order listed Defendant as "Gisella Pozsgai." *See* Deed, ECF No. 234-4 at 14.

e. Assessing as a judgment lien against the Morrisville property all costs reasonably incurred in connection with the enforcement of this Order and the Order of January 8, 1990, including, but not limited to, oversight costs of the Corps;

f. Holding the United States, the U.S. Army Corps of Engineers, and any agents, servants, contractors, and designees thereof harmless for any actions (other than intentional misconduct or gross negligence) undertaken under color of this Order;

g. Imposing upon all areas remediated pursuant to this Order, all other water and wetland areas on the Morrisville property, and all protective buffers created pursuant to this Order, a deed restriction that will forever designate and protect them as waters, wetlands, and protective buffers as open space, and so that all future owners of the property, or an interest in the property, will be aware of the presence of the waters, wetlands and protective buffers, and this existence of this Court's Order;

h. Requiring that the Defendants John Pozsgai and Gisella Pozsgai and any subsequent owners of the water and wetland areas be required to inform any contractors, lessors, or assigns of the existence and terms of this Court's Order;

i. Allowing the United States to recover its costs incurred in connection with all contempt proceedings.

Order of Civil Contempt, ECF No. 148.

The Pozsgais again appealed—this time, Judge Fullam's 2007 Contempt Order. *See USA v. Pozsgai*, No. 07-1900 (3d Cir. filed March 29, 2007). The Third Circuit dismissed the appeal "for failure to timely prosecute insofar as appellant failed to file a brief and appendix as directed." *USA v. Pozsgai*, No. 07-1900 (3d Cir. Feb. 6, 2009) (order dismissing appeal). Despite the 2007 Contempt Order, the Pozsgais still failed to remediate the Pozsgai site.

On December 7, 2016, this case was reassigned to me. Order, ECF No. 166. On April 12, 2017, I referred the case to Magistrate Judge David R. Strawbridge for a settlement conference. Referral Order, ECF No. 173. Over the course of more than two years, Judge Strawbridge worked with the parties to settle the case. *See* Further Referral Order, ECF No. 192.

In an effort to settle the case, the United States arranged for a third party, Waste Management of Fairless, LLC ("Waste Management"), to perform the remediation at no cost to Pozsgai.[5] *See* Status Report, ECF No. 170. Despite Magistrate Judge Strawbridge's prolonged settlement efforts and the arrangement by the United States that would enable Pozsgai to remediate her property for free, Pozsgai refused to settle and did not cooperate to enable Waste Management to remediate her property.

Because settlement efforts have been futile, the United States now seeks to implement the 2007 Contempt Order. The United States relies on Kevin Maley, the Chief of the Surveillance and Enforcement Section of the Regulatory Branch with the United States Army Corps of Engineers ("Corps"), Philadelphia District, to establish that Pozsgai has not complied with the 2007 Contempt Order. Maley Decl. ¶1, ECF No. 234-2.

Maley has been the Project Manager for the Pozsgai site enforcement since 2000. *Id.* ¶ 2. He has visited the Pozsgai site on multiple occasions over the past twenty years. *Id.* He is "personally familiar with the 2007 Order of Civil Contempt entered by the Court, which directed the Pozsgais to complete remediation of the Property in accordance with the February 13, 1996 Restoration Plan of the U.S. Army Corps of Engineers, as that plan may be reasonably adjusted or amended by the Corps." *Id.* ¶ 4. Maley testified at the hearing that preceded the 2007 Contempt Order and he was recognized as an expert by Judge Fullam in the interpretation of aerial photography during the proceedings. *Id.*

Maley has reviewed recent aerial imagery of the Pozsgai site dated April 16, 2020, February 19, 2020, and May 20, 2019. *Id.* ¶ 7. In addition, on May 15, 2020, Maley drove to the

---

[5] Although the 2007 Contempt Order permitted the United States to designate a third party to remediate the Pozsgai site without obtaining permission from the Pozsgais, the United States sought the cooperation of the Pozsgai family. *See* Status Report, ECF No. 170.

Pozsgai site and "observe[d] portions to the interior of the site from the surrounding roads," but did not access the property. *Id.* Maley's visual inspection of the Pozsgai site and his review of recent aerial images confirms that the Pozsgais completed "none of the remediation work required by the 2007 Order of Civil Contempt." *Id.* ¶ 7.

## III. DISCUSSION

The United States moves to implement the 2007 Contempt Order that finally would enforce the January 8, 1990 Order, which permanently enjoined the Pozsgais from further filling at the Pozsgai site without a permit and ordered the Pozsgais to implement the Corps' restoration plan. In a last-ditch effort to further evade responsibility for remediation of the Pozsgai site, Pozsgai provides a laundry list of reasons why the Court should not implement the 2007 Contempt Order and hold Pozsgai accountable for her failure to comply.

First, although Pozsgai has already unsuccessfully appealed both of these orders, Pozsgai argues that the January 8, 1990 Order and 2007 Contempt Order were wrongly decided and are therefore invalid. Clearly, the law of the case doctrine prevents Pozsgai from attempting to relitigate these orders.

The law of the case doctrine governs a court's exercise of discretion and is "designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Philadelphia Litig.*, 158 F.3d 711, 717–18 (3d Cir. 1998). "Law of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Casey v. Planned Parenthood of Se. Pennsylvania*, 14 F.3d 848, 856 (3d Cir. 1994) (quoting Charles A. Wright et al., 18 Federal Rules and Practice § 4478 (1981)). The "most compelling" law of case rule is the mandate rule. *Id.* "This fundamental rule binds every court to honor rulings in the case by superior courts." *Id.* "Other

law of the case rules apply to subsequent rulings by the same judge in the same case or a closely related one, to rulings by different judges at the same level, or to the consequences of the failure to preserve an issue for appeal." *Id.* 856 n.11 (citing Charles A. Wright et al., 18 Federal Rules and Procedure § 4478 (1981)).

Here, the law of the case doctrine prevents Pozsgai from relitigating the firmly established holdings in this case that the Pozsgais illegally dumped fill into the Pozsgai site and then failed to remediate it. The Pozsgais unsuccessfully appealed both the January 8, 1990 Order and the 2007 Contempt Order. In 1993, the Third Circuit affirmed the January 8, 1990 Order, holding that the Pozsgais violated the Clean Water Act and requiring them to implement the restoration plan submitted by the Corps. *Pozsgai*, 999 F.2d 719. Additionally, in 2009, the Third Circuit dismissed Pozsgais' appeal of the 2007 Contempt Order "for failure to timely prosecute insofar as appellant failed to file a brief and appendix as directed."[6] *USA v. Pozsgai*, No. 07-1900 (3d Cir. Feb. 6, 2009) (order dismissing appeal). The Court will not indulge Pozsgai's request to relitigate matters that were already decided decades ago.

Second, Pozsgai argues that even if the January 8, 1990 Order and 2007 Contempt Order are valid, this Court should not implement the 2007 Contempt Order because Pozsgai has taken all reasonable steps to comply with the order. Pozsgai argues that she and her husband did not possess the financial ability or physical health to remediate the Pozsgai site and they took all reasonable steps they could to comply with the order. Thus, Pozsgai argues that she should not be held responsible for her failure to remediate. The evidence reveals that the Pozsgais took no

---

[6] Although the Third Circuit dismissed Pozsgai's appeal for failure to timely prosecute, "[i]t makes no difference that an appeal was attempted but was thwarted by failure to satisfy procedural requirements" because an unsuccessful appeal still renders a judgment final and preclusive. 18A Fed. Prac. & Proc. § 4433 (3d ed.); *see also United States v. Euge*, 691 F.2d 379, 382 (8th Cir. 1982) (preventing the appellant from relitigating the prior enforcement order that had been previously appealed but dismissed pursuant to Eighth Circuit rules).

steps to remediate the Pozsgai site.  The equitable argument that the Pozsgais should not be held accountable for their failure to remediate has already been rejected by the Third Circuit:

> We reject the Pozsgais' contention that the restoration order was inequitable because of the small degree of harm caused by their discharge and their financial inability to comply with the order. The undisputed facts demonstrating the Pozsgais' repeated noncompliance with the Act and with the Corps' directives to stop filling foreclose any such equitable argument.

*Pozsgai*, 999 F.2d at 736.  Moreover, the argument that Pozsgai has been unable to remediate due to financial hardship and ill health is implausible given that the United States arranged for Waste management to remediate the Pozsgai site at no cost to Pozsgai.

Lastly, Pozsgai argues that the Court should delay implementation of the 2007 Contempt Order until after the Court has had the opportunity to resolve Pozsgai's forthcoming Rule 60(b) motion seeking to vacate or modify the contempt order.  Pozsgai has spent more than a year discussing the possible filing of a Rule 60(b) motion.  *See* Report and Recommendation, ECF No. 204.  Yet, no motion has been filed.  Implementation of the 2007 Contempt Order has already been delayed too long and so has the filing of Pozsgai's "forthcoming" Rule 60(b) motion.  This Court will not condone any further delay of this decades-old case.

Because Pozsgai has taken no steps to remediate the Pozsgai site, I will grant the motion to implement the 2007 Contempt Order.

    s/ANITA B. BRODY, J.
    ANITA B. BRODY, J.

Copies via ECF